JOHN EVERETT *vs.* TOWN OF CANTON.

Norfolk.    January 6, 1936. — January 8, 1936.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Practice, Civil,* Requests, rulings and instructions.

In an action to recover rent of a house, with no proof of the defendant's
tenancy, a request that in an action for rent "the burden of proof is
on the defendant to establish an alleged surrender of occupation"
properly was denied as inapplicable.

CONTRACT.    Writ in the District Court of Southern Nor-
folk dated December 13, 1934.

In the District Court the action was heard by *Iddings, J.*,
who found for the defendant.    The plaintiff appealed from
an order by the Appellate Division for the Southern Dis-
trict dismissing a report.

*J. Everett, pro se.*

*G. W. Grover,* for the defendant.

BY THE COURT.    This is an action of contract to recover
(according to the bill of particulars filed by the plaintiff)
for the use and occupation of a house in Canton, by Peter
J. Farrell and family, for a period of fifteen months.    It was
the contention of the plaintiff that Farrell was a poor and
indigent person.    The trial judge found that Farrell was not
a poor and indigent person in need of public assistance dur-
ing the period covered by the plaintiff's claim.    He also
found that no notice and request as required by G. L. (Ter.
Ed.) c. 117, § 24, were ever given to the board of public wel-
fare of the defendant, and that the defendant never entered
into any agreement with the plaintiff to assume the rent
for the premises in question, but that the payments made
to the plaintiff for June, July and August, 1933, were made
for the convenience of the town of Canton.    These findings
appear to be warranted and must be accepted as true.    The
plaintiff requested rulings to the effect that (1) "This is an

action for rent," and (2) "In an action of rent the burden of proof is on the defendant to establish an alleged surrender of occupation." The finding was for the defendant. The questions of law raised by the refusal to grant these requests alone were reported by the trial judge.

There was no error in the denial of the first request. Strictly construed there is no such form of action under the practice act as an action for rent. G. L. (Ter. Ed.) c. 231, § 1. The case, however, was tried on the theory of contract to recover rent, and no objection to the admission or exclusion of evidence was made. There was no error in the denial of the second request for the reason that the facts found showed that the plaintiff failed to establish any tenancy and that therefore the request was inapplicable to the facts as found.

*Order dismissing report affirmed.*